CaRutiiees, J.,
delivered the opinion of the court.
This is an action of unlawful detainer by the vendor against the vendee in possession, under a parol purchase of land.
The first objection made, is whether this summary action will lie. This depends upon the construction of the act of 1821, ch. 14. This question came up in Beard vs. Bricker, 2 Swan, 50, and it was decided that this action “is proper where the party in the possession of land has obtained his possession under a verbal contract of purchase, and afterwards repudiates the agreement with his vendor, and assumes to hold for himself.” That was a case where the vendee repudiated the contract, and it was annulled by consent of both parties, and the defendant set up an adverse claim. But the principle settled is, that both parties have a right to repudiate such contracts, and when either or both shall do so, the possession from that time becomes “unlawful,” and is, therefore, embraced in the said act of 1821. As heretofore announced, if this were an open question, we might hold differently upon the construction of the statute. Not however regarding the question as seriously and extensively affecting the rights of men, but the remedy only, for rights withheld. We think it more important to adhere to precedent, and uniformity of decision, than to change that which is settled, because it may conflict with our present views, or because we would have originally held differently. On questions which are vital, or deeply affecting individual rights, the rule stated would not so forcibly apply. The doctrine of the court on this sub *489 ject has been often declared. In 2 Meigs’ Dig. p. 967, the cases are collected.
Bnt the case under consideration must be reversed on another ground. There is no proof that the plaintiff ever made known to defendant in any form, that he repudiated the contract. Until that is done, it certainly cannot be said that his possession was unlawful, and therefore subject to this action. The possession was by consent, under a contract, and for himself, adverse.' According to the case of Beard vs. Bricker, before cited, this peaceable and lawful possession could only become wrongful and unlawful by the repudiation of the verbal contract of sale by one or both. It must certainly and clearly follow, that this action will only lie in a case of unlawful possession, and the possession of a verbal vendee does not become such, until demand or notice, or some other act on the part of his vendor, or his own, shall change the character of his possession. It is very true, that the act of 1842 dispenses with any other notice but the service of the warrant, as a pre-requisite to the bringing of the action, but that can only apply to cases where the possession is made unlawful in terms by the statute, without more, or in case of renters, lessees, &e., holding over. But here the ground of action does not exist at all without the abandonment of the contract, and if instituted before that is done, and the vendee have knowledge of it, it must fail.
His Honor, the circuit judge thought differently, and for this error the judgment is reversed, and the cause remanded.